**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

UNITED STATES OF AMERICA,

              Plaintiff,

    v.

ERICK RANGEL-IBARRA,

              Defendant.

Case No. 2:18-cr-00292-JAD-DJA

**REPORT AND RECOMMENDATION**

Presently before the Court is Defendant Erick Rangel-Ibarra's Motion to Dismiss Superseding Criminal Indictment (ECF No. 62), filed on February 11, 2020. The Government filed a Response (ECF No. 63) on February 25, 2020. Rangel-Ibarra filed a Reply (ECF No. 64) on March 3, 2020. The Court notes that Rangel-Ibarra previously filed a Motion to Dismiss (ECF No. 37) on September 3, 2019 making the same argument as he makes in the instant motion prior to the Superseding Indictment being filed on September 11, 2019 (ECF No. 38). He withdrew the Motion on October 16, 2019 (ECF No. 49). The Court finds this matter appropriately decided without a hearing.

I.      **BACKGROUND**

Rangel-Ibarra is charged in a one-count Superseding Indictment with Possession of a Firearm by a Prohibited Person in violation of Title 18 U.S.C. §§ 922(g)(5)(B) and 924(a)(2). The Superseding Indictment charges that Rangel-Ibarra:

> knowing he was an alien admitted to the United States under a nonimmigrant visa, to wit: a U-3 Visa, did knowingly possess a firearm, to wit: 9 mm Glock 19, bearing serial number BEBA215, said possessing being in and affecting interstate commerce and said firearm having been shipped and transported in interstate commerce, all in violation of Title 18, United States Code, Sections 922(g)(5)(B) and 924(a)(2).

(ECF No. 38).

Rangel-Ibarra contends that the Superseding Indictment is deficient in light of the Supreme Court decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019) because it fails to allege he knew his status prohibited him from possessing a firearm. (ECF No. 62). He argues that the Government must prove two things: (1) he knew he was admitted to the United States under a nonimmigrant visa and (2) he knew he was prohibited from possessing a firearm at the time of possession. As such, Rangel-Ibarra claims that the Superseding Indictment fails to meet the mens rea burden of proof mandated by *Rehaif* and must be dismissed. Rangel-Ibarra also seeks disclosure of the grand jury transcripts to find out what evidence the Government presented regarding mens rea.

The Government responds that the Superseding Indictment is not deficient as it specifically alleges that Rangel-Ibarra knew that he belonged to the relevant category of persons barred from possessing a firearm. (ECF No. 63). Specifically, the Government argues that it is not required to show that Rangel-Ibarra knew he was prohibited from possessing a firearm. It claims that *Rehaif* requires only that the Government prove that Rangel-Ibarra knew his status as an alien under a nonimmigrant visa – not that he knew the consequences of the conviction, which is firearm prohibition.

Rangel-Ibarra replies that *Rehaif* requires the Government to prove that he knew his status prohibited the use of firearms at the time of the alleged possession. (ECF No. 64). He argues that the Government selectively uses language from *Rehaif* to support its erroneous reading of the mens rea requirement and relies on non-controlling case law that is easily distinguished to support that argument. Finally, Rangel-Ibarra contends that disclosure of the grand jury transcripts is necessary to protect his Fifth and Sixth Amendment rights if the Court finds that dismissal is not automatic.

## II.    LEGAL STANDARD

Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), a defendant may file a motion seeking to dismiss a count of the indictment for "failure to state an offense." The court then evaluates the facial sufficiency of the indictment rather than evidentiary issues. *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996). "An indictment returned by a legally constituted and

unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 359, 76 S. Ct. 406, 406 (1956).  For the purposes of a motion to dismiss, the allegations of the indictment must be taken as true. *Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 343 n.16 (1952)*; United States v. Chrysler Corp. Parts Wholesalers, Northwest Region*, 180 F.2d 557 (9th Cir. 1950).  The court may not consider facts outside of the indictment's allegations.  *United States v. Bohonus*, 628 F.2d 1167, 1169 n.2. (9th Cir. 1980); *see also United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) ("On a motion to dismiss an indictment for failure to state an offense, the court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged.").  "[I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif* 139 S. Ct. at 2200.

Additionally, Rule 6(e) of the Federal Rules of Criminal Procedure codifies the traditional rule of grand jury secrecy.  With specified exceptions, it prohibits disclosure of "matters occurring before the grand jury." Fed. R. Crim. P. 6(e)(2).  "A party seeking disclosure of the grand jury transcripts must demonstrate a 'particularized need' for the disclosure." *United States v. Perez*, 67 F.3d 1371, 1381 (9th Cir. 1995), *opinion withdrawn in part on reh'g*, 116 F.3d 840 (9th Cir. 1997) (citations omitted).  The standards the trial court should apply in granting disclosure of the grand jury transcripts are "(1) that the desired material will avoid a possible injustice, (2) that the need for disclosure is greater than the need for continued secrecy, and (3) that only the relevant parts of the transcripts should be disclosed." *Id.*

### III.    DISCUSSION

#### a.  Superseding Indictment Sufficiency in Light of *Rehaif*

*Rehaif* is clear that Section 922(g) makes it unlawful for nine categories of individuals to possess firearms.  139 S.Ct. at 2194.  Further, *Rehaif* holds that the scope of mens rea requirement of "knowingly" from Section 924(a)(2) extends to both a defendant's conduct and a defendant's status.  *Id*.  The statutory text of Section 922(g) specifies that a defendant commits a crime if he "knowingly" violates Section 922(g), which makes possession of a firearm unlawful when the

following elements are satisfied: (1) a status element (here "knowing he was an alien admitted to the United States under a nonimmigrant visa, to wit: a U-3 Visa"); (2) a possession element (to "possess"); (3) a jurisdictional element ("in and affecting interstate commerce and said firearm having been shipped and transported in interstate commerce"); and (4) a firearm element (a "firearm").  (ECF No. 38); *see also Rehaif*, 139 S.Ct. at 2195-2196.

When evaluating the Superseding Indictment at issue, the Ninth Circuit outlines the scope of the court's inquiry as follows: (1) the court presumes the truth of the allegations in the indictments filed by the United States as this matter is being raised pretrial, (2) "a defendant may not properly challenge an indictment, sufficient on its face, on the grounds that the allegations are not supported by adequate evidence," (3) "[a] motion to dismiss cannot be used as a device for a summary trial of the evidence," and (4) a lower court errs if the court bases its decision on a motion to dismiss on evidence that "should only have been presented at trial." *Jensen*, 93 F.3d at 669.  The Court will now turn to its evaluation of Rangel-Ibarra's challenge.

The Court must limit its evaluation to the four corners of the Superseding Indictment and will not consider any facts outside of those allegations. *See United States v. Boren,* 278 F.3d 911, 914 (9th Cir. 2002) ("On a motion to dismiss an indictment for failure to state an offense, the court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged.").  On its face, the Superseding Indictment alleges the requisite mens rea of knowingly for both the status element and the possession elements.  (ECF No. 38).  This complies with the holding of *Rehaif*.  Rangel-Ibarra's request seeks a summary determination of what it is that the Government must prove - what he knew about his status as belonging to the relevant category of persons barred from possessing a firearm.  However, Rangel-Ibarra is not entitled to "a summary trial of the evidence." *Jensen*, 93 F.3rd at 669 (citation omitted).

The Ninth Circuit has yet to address *Rehaif's* application to this context[1], so there is no controlling precedent interpreting the issue in question here, and the Court declines to make the

---

[1] In *United States v. Benamor*, the Ninth Circuit interpreted *Rehaif* to require the Government prove that the defendant knew he was a felon.  937 F.3d 1182, 1186 (9th Cir. 2019).

leap requested by Rangel-Ibarra.  The Court finds that *Rehaif* does not impose the additional requirement that Rangel-Ibarra seeks by claiming the Government must state in the indictment that he knew that his status made it illegal to possess a firearm.  He is suggesting that the Court put the connector of "and" between the separate elements that (1) a defendant know of his status, (2) a defendant know of his possession.  However, *Rehaif* only requires that the Government include an allegation that a defendant know of his status on a non-immigrant visa along with a separate allegation that a defendant know that he possessed a firearm.  The Supreme Court did not abrogate the well-known maxim that "ignorance of the law" is no excuse.  139 S.Ct. at 2198.  In fact, this is underscored in the dicta of *Rehaif* when the Supreme Court states, "A defendant who does not know that he is an alien "illegally or unlawfully in the United States" does not have the guilty state of mind that the statute's language and purposes require." *Id*.

The focus of *Rehaif* is whether knowingly applies to the status element and specifically, whether there is any mens rea requirement at all on the first element of status, as the Supreme Court makes it clear that the knowingly scienter easily applies to the second possession element. What is absent from the Supreme Court's long textual analysis is any language extending knowingly to create a bridge between the two elements like Rangel-Ibarra is suggesting this Court must do.  "If the Court wanted to establish such a significant requirement, it presumably would have said so."  *United States. v. Phyfier*, 2019 WL 3546721 at *3 (M.D. Ala. Aug. 5, 2019).  So, *Rehaif* does not support Rangel-Ibarra's argument that he must know the legal significance of his actions i.e. that he knew he was legally barred from possessing a firearm.

Moreover, the Court agrees with the many courts that have declined to adopt Rangel-Ibarra's reading of *Rehaif* that the Government must allege he knew his status barred him from possessing a firearm.[2]  For example, in *Phyfier*, the district court states, "Critically, unlike the status element of being an unlawfully present noncitizen or a convicted felon, being prohibited

---

[2] The two reports and recommendations issued out of this District Court on *Rehaif* challenges have similarly recommended no dismissal of the indictment and those recommendations were adopted by the district judge.  *See United States v. Tanner*, 2019 WL 6703550 (D. Nev. Oct. 30, 2019)*; United States v. Somee*, 2020 WL 1068872 (D. Nev. Jan. 9, 2020).

from possessing a firearm is not an element of § 922(g)." 2019 WL 3546721 at *3. Similarly, in *United States v. Gear*, 2019 WL 4396139 at *8 (D. Hawaii Sept. 13, 2019), the district court cites *Phyfier* and specifically evaluates the status of a nonimmigrant visa, which is the same status applicable to this case, and concludes that the defendant did not need to know he was prohibited from possessing a firearm – he only had to know about each separate element that he was admitted on a nonimmigrant visa and that he possessed a firearm.

Likewise, in *United States v. Bowens*, 938 F.3d 790, 797-98 (6th Cir. 2019), the Sixth Circuit states, "At the end of its opinion [in *Rehaif*], the Court wrote that 'the Government must prove . . . that [a defendant] knew he belonged to the relevant category of persons barred from possessing a firearm. 139 S. Ct. at 2200. That is, in a prosecution under § 922(g)(3), the Government arguably must prove that defendants knew they were unlawful users of a controlled substance, but not, as defendants appear to argue, that they knew unlawful users of controlled substances were prohibited from possessing firearms under federal law." *See also United States v. Burning Breast*, 2019 WL 6650474 (S.D. Dec. 6, 2019) ("Evidence that Burning Breast either didn't know the law prohibited him from possessing a firearm or mistakenly thought himself exempt from the law would not negate the requisite mental state and is not a defense."); *United States v. Kueth*, 2019 WL 6037078, at *1–2 (D. Neb. Nov. 14, 2019) ("In a prosecution under §§ 922(g) and 924(a)(2), the defendant's knowledge of his status is the crucial element, not whether he knew his status barred him from possessing a firearm or ammunition under federal law.").

In conclusion, while the Government must prove that Rangel-Ibarra had knowledge with respect to the status element, it need not prove that he had knowledge with respect to being prohibited from possessing a firearm as that is not an element of the crime alleged. Therefore, the Court will recommend denial of Rangel-Ibarra's motion to dismiss.

### b. Grand Jury Transcript Disclosure

The Court finds that Rangel-Ibarra has not met his burden to show that he has a particularized need for disclosure of the grand jury transcript. His arguments regarding the adequacy of the evidence before the grand jury are unavailing because this "would run counter to the whole history of the grand jury institution, in which laymen conduct their inquiries unfettered by

technical rules." *Costello v. United States*, 350 U.S. 359, 364, 76 S.Ct. 406 (1956).  The Superseding Indictment is valid on its face and therefore there is no need to disclose the grand jury transcripts.  This case should proceed to a trial on the merits.

## IV.    CONCLUSION

IT IS THEREFORE RECOMMENDED that Defendant Rangel-Ibarra's Motion to Dismiss Superseding Criminal Indictment (ECF No. 62) be **denied**.

## V.    NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: April 9, 2020

_____
DANIEL J. ALBREGTS.
UNITED STATES MAGISTRATE JUDGE